[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 25, 2010
JOHN LEY
CLERK

No. 09-16369
Non-Argument Calendar

_____

D. C. Docket No. 09-00170-CR-T-17TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAMON DE LA CRUZ-ALEJO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 25, 2010)

Before BLACK, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Ramon De La Cruz-Alejo appeals his 41-month sentence, which is at the low end of the Guidelines range, for illegally reentering the United States after having been deported for an aggravated felony conviction, 8 U.S.C. § 1326(a) and (b)(2). De La Cruz-Alejo asserts his sentence is substantively unreasonable because his history and characteristics warrant a downward variance below the Guidelines sentence.[1] After review, we affirm De La Cruz-Alejo's sentence.

We review the substantive reasonableness of the sentence for abuse of discretion. *Gall v. United States*, 128 S. Ct. 586, 597 (2007). This review is "deferential," requiring us to determine "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). There is a "range of reasonable sentences from which the district court may choose," and the burden is on the defendant to show the sentence was unreasonable in light of the record and the § 3553(a) factors. *Id.* While a sentence within the Guidelines range is not *per se* reasonable, we ordinarily expect such a sentence to be reasonable. *Id.*

We have said "[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." *United States v.*

---

[1] We review the final sentence imposed by a district court for reasonableness. *United States v. Booker*, 125 S. Ct. 738, 765 (2005).

*Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007) (citation and quotation omitted). We will remand for resentencing only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (citation and quotation omitted).

The record shows the district court properly considered De La Cruz-Alejo's mitigating factors. The district court specifically addressed several of the § 3553(a) factors. The court commented on De La Cruz-Alejo's need to support his children and the fight with his brother, his criminal record in this country, and the very long sentence he would face for a subsequent return to this country. These comments are relevant to a consideration of De La Cruz-Alejo's history and characteristics, the need to protect the public, and deterrence. De La Cruz-Alejo has failed to show the court committed a clear error in judgment in weighing the § 3553(a) factors by arriving at a sentence which lies inside the range of reasonable sentences given the facts of his case. Accordingly, we affirm.

**AFFIRMED.**